**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D

MAY 1 1 2011

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | HON. Stephen J. Murphy, III |
| Plaintiff, | No. 10-20483 |
| -vs- | **OFFENSE(S):** |
| | Count 2: Production of Child Pornography; Title 18, United States Code, Section 2251(a); |
| D-1, ROBERT JOHN MUELLER, | Count 7: Production of Child Pornography; Title 18, United States Code, Section 2251(a). |
| Defendant. | **MAXIMUM PENALTY:** For Each Count: No less than 15 years and up to 30 years in prison. |
| _____/ | **MAXIMUM FINE:** Up to $250,000 on each count. |
| | **SUPERVISED RELEASE:** No less than five years and up to a lifetime of supervised release on each count. |

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

ROBERT JOHN MUELLER, and the government agree as follows:

## 1.   GUILTY PLEA

### A.   **Counts of Conviction**

Defendant will enter a plea of guilty to **Counts 2 and 7** of the indictment, each

of which charge production of child pornography.

**B.      Elements of Offenses**

The elements of Counts 2 and 7 are:

1.    The defendant employed, used, persuaded, induced, enticed or coerced any minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

2.    At the time, the victim was a minor; and

3.    That visual depiction was produced using materials that were mailed, shipped or transported in interstate or foreign commerce.

**C.      Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea(s):

In July of 2010, Homeland Security Investigations (HSI) Detroit received a lead that an individual in Wisconsin received child pornography from a suspect in Sterling Heights, Michigan, later determined to be Robert John Mueller (D-1). The Wisconsin individual informed law enforcement that Mueller invited him to travel to Michigan to have sex with a minor depicted in the photos Mueller transmitted to Wisconsin.  Mueller indicated that the girl in the photos was one of three minor daughters to whom he had access.  Mueller also provided the names and ages of the girls.  HSI agents in Detroit determined that the names, ages and pictures provided by Mueller to the Wisconsin individual matched the identity of

- 2 -

Mueller's daughters.

On July 6, 2010, HSI agents executed a search warrant at Mueller's house. They found a computer with images of Mueller sexually assaulting his youngest daughter (MV-4, who was between the ages of six and seven at the time) and posing in a sexually explicit manner with his second youngest daughter (MV-3, who was approximately ten years of age at the time). Law enforcement found other images of child pornography on Mueller's computer at that time including a series of still images depicting Mueller and co-defendant John Belloli, Jr. (D-2) sexually assaulting MV-4 who was seven years old at the time of the assault.

Through the course of the investigation, both Mueller and Belloli admitted to communicating with one another in April 2009, after Mueller had posted child pornography, including images depicting the sexual exploitation of MV-4, to an international website. Mueller then invited Belloli to his house to sexually assault MV-4 on June 5, 2009. That night, Mueller sedated the minor with prescription sleep aid and the two defendants, using a camera that was manufactured outside the State of Michigan, photographed one another sexually assaulting MV-4. Each defendant digitally penetrated MV-4, performed oral sex on the minor victim and ejaculated on MV-4's naked body. Following the offense, both defendants downloaded to their computers the pictures they had taken of one another sexually

- 3 -

assaulting MV-4.

Besides committing sexual assaults with co-defendant Belloli on June 5, 2009, Mueller also produced images of child pornography during various sexual assaults of MV-4 that he committed alone.  Specifically, Mueller produced child pornography in October 2007 (count 2); October 11, 2008 (count 3); October 30, 2008 (count 4); and February 10, 2009 (count 5).  During all of these sexual assaults of MV-4, Mueller sedated her with a prescription sleep aid.

All of the images produced during Mueller's conduct were produced using materials that had traveled in interstate and foreign commerce.

2.    **SENTENCING GUIDELINES**

A.    **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.    **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **life**, as set forth on the attached worksheets. The Court is not bound by this recommendation concerning the guideline range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets.

C.    **Relevant Conduct**

The  relevant conduct in this case includes the following:

- 4 -

Pursuant to the United States Sentencing Guidelines (USSG) Section 1B1.2(c), defendant further stipulates to the commission of the following additional offenses (referenced in the indictment as counts 1 and 6, 9, and 10) and agrees to be held accountable for these offenses for purposes of guideline calculations:

Following the June 5, 2009, sexual assault of MV-4, Mueller and Belloli continued to meet and discuss future occasions on which they could sexually assault and photograph MV-4. They communicated with one another regularly over email and via the phone and eventually met between three and four times between June 5, 2009 and June of 2010.  In September of 2009, Belloli again traveled to Mueller's home for the purpose of sexually assaulting MV-4.  On that night, the defendants sedated the minor victim while Mueller photographed Belloli sexually assaulting MV-4.

On subsequent occasions during which Mueller and Belloli would meet, Belloli would bring his laptop computer containing child pornography he had downloaded from the internet.  Belloli would transfer images of child pornography to Mueller in exchange for the sexual assault of Mueller's daughter on June 5, 2009 and in September of 2009.

On June 30, 2010, days before Mueller was arrested, Belloli had planned to return to Mueller's house to sexually assault and photograph MV-4.  That date

was eventually rescheduled on two occasions which did not occur because of law enforcement's arrest of Mueller.

By signing this agreement, Defendant acknowledges that the Court may consider these additional offenses as if he was convicted of these offenses in addition to any other relevant conduct in determining the appropriate sentence.

**3.    SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

**A.    Imprisonment**

Except as provided in the next sentence, pursuant to Federal Rule of Criminal Procedure11(c)(1)(B), the government makes a non-binding recommendation that the sentence of imprisonment be no more than **45 years**. The defendant further agrees that he will not advocate for a sentence below **37 years**. However, the Court **must** impose a sentence of imprisonment on Count 2 and 7 of at least 15 years.

**B.    Supervised Release**

A term of supervised release follows the term of imprisonment. The Court **must** impose a term of supervised release on Counts 2 and 7 of no less than **five years and up to a lifetime of supervised release**. The agreement concerning

imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C.   Special Assessment

Defendant will pay a special assessment of **$200** and must provide the government with a receipt for the payment before sentence is imposed.

### D.   Fine

There is no agreement as to fines.

### E.   Restitution

The Court shall order restitution to every identifiable victim of defendant's offenses.  There is no agreement on restitution.  The Court will determine who the victims are and the amounts of restitution they are owed.

Defendant understands that an unanticipated amount of restitution ordered by the Court will not serve as grounds to withdraw defendant's guilty plea. Defendant further agrees to comply with any restitution order entered into at the time of sentencing. Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant agrees to make full restitution for the provable losses caused by defendant's activities.

### F.   Forfeiture

Upon conviction for the conduct alleged in Count Two and Seven of the Indictment, the Defendant, Robert John Mueller, shall, pursuant to 18 U.S.C. § 2253 forfeit to the United States the following property as it was or intended to be used to commit or to promote the commission of the offenses charged in Counts Two and Seven of the Indictment:

  i.  One Hewlett Packard Pavilion Computer Tower, Model 500, Serial No.: MX234A1457;

  ii.  One Hewlett Packard Pavilion Computer Tower, Model Slimline, Serial No.: CNX9520DN6;

  iii.  One Seagate External Hard Disk Drive, Model Free Agent Go, Serial No.: 2GEITNRL, P/N: 9KW2A4-500.

In entering into this agreement with respect to forfeiture, Defendant Robert John Mueller knowingly, voluntarily, and intelligently waives any challenge to the above described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

In entering into the foregoing agreement with respect to forfeiture, Defendant Robert John Mueller expressly waives his right to have a jury determine the forfeitability of his interest in the above identified personal property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

With respect to the above identified property, Defendant Robert John Mueller agrees to the entry of one or more orders of forfeiture of his interest in such property upon application by the United States at, or any time before, his sentencing in this case.  Defendant Robert John Mueller further agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the forfeiture of property covered by this Plea Agreement.

The Defendant Robert John Mueller agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

Defendant Robert John Mueller further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty pleas are accepted.

4.    OTHER PROVISIONS

A.    Adam Walsh Act

- 9 -

The defendant acknowledges that defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and maintain current registration in each of the following jurisdictions: where the defendant resides, where the defendant is employed, and where the defendant is a student.  Defendant acknowledges that defendant must provide his name, residence address, and the names and addresses of any place where defendant is or will be an employee or student, among other information.  Defendant further acknowledges that defendant will be required to keep the registration current, including by informing at least one jurisdiction in which defendant resides, works, or is a student not later than three business days after any change of name, residence, employment or student status.  Defendant has been advised and understands that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

**B.**     **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any

statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

**5.     OTHER CHARGES**

If the Court accepts this agreement, the government will dismiss all remaining charges in this case.

**6.     EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The recommendations in Part 3 are not binding on the Court.  Defendant has no right to withdraw his guilty plea and the parties have no right to withdraw from this agreement if the Court decides not to follow them.

**7.     WAIVER OF APPEAL**

Defendant waives any right he may have to appeal his conviction.  If the sentence imposed does not exceed the maximum allowed by law, defendant also waives any right he may have to appeal his sentence.  If the sentence imposed is **37 years**, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that number.

**8.     CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA(S) OR VACATION OF CONVICTION(S)**

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this

agreement.  If additional charges are filed against defendant within six months

after the date the order vacating defendant's conviction or allowing him to

withdraw his guilty plea(s) becomes final, which charges relate directly or

indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in

the attached worksheets, defendant waives his right to challenge the additional

charges on the ground that they were not filed in a timely manner, including any

claim that they were filed after the limitations period expired.

**9.    PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government

agency except the United States Attorney's Office for the Eastern District of

Michigan.

**10.   SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates,

is the complete agreement between the parties. This agreement supersedes all

other promises, representations, understandings and agreements between the

parties concerning the subject matter of this plea agreement that were made at

any time before the guilty plea is entered in court. Thus, no oral or written

promises made by the government to defendant or to the attorney for the

defendant at any time before defendant pleads guilty are binding except to the

extent they have been explicitly incorporated into this agreement.

- 12 -

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11.    ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the

Office of the United States Attorney by **5:00 P.M. on 5/11/2011**. The government

reserves the right to modify or revoke this offer at any time before defendant

pleads guilty.

BARBARA L. MCQUADE
United States Attorney


KEVIN M. MULCAHY    *for kmm*
ASSISTANT UNITED STATES ATTORNEY
CHIEF, GENERAL CRIMES UNIT

EATON P. BROWN
ASSISTANT UNITED STATES ATTORNEY


DATE: 5/5/2011

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN
READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO
ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND
REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE
OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS
ANSWERED BY HIS LAWYER.


DAVID C. THOLEN
ATTORNEY FOR DEFENDANT

ROBERT JOHN MUELLER
DEFENDANT

DATE: 5/11/11

- 14 -

| Defendant: | Robert John Mueller | Counts: | 2 |
|---|---|---|---|
| Docket No.: | 10-20483 | Statute(s): | 18 U.S.C. § 2251 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G2.1(a) | Base Offense Level | 32 |
| 2G2.1(b)(1)(A) | Victim under the age of 12 years | +4 |
| 2G2.1(b)(2)(A) | Commission of sex acts | +2 |
| 2G2.1(b)(3) | Offense involved distribution | +2 |
| 2G2.1(b)(5) | Defendant was a parent | +2 |
| | | |

## 2.   ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| 3A1.1(b) | Vulnerable Victim | +2 |
| | | |
| | | |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**44**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*   ☐

*If the defendant has no criminal history, check this box and skip Worksheet C.*   ☐

Rev.  8/2010

| **Defendant:** | Robert Mueller | **Count:** | 7 |
|---|---|---|---|
| **Docket No.:** | 10-20483 | **Statute(s):** | 18 U.S.C. § 2251 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.    BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)

| **Guideline Section** | **Description** | **Levels** |
|---|---|---|
| 2G2.1(a) | Base Offense Level | 32 |
| 2G2.1(b)(1)(A) | Victim under the age of 12 years | +4 |
| 2G2.1(b)(2)(A) | Commission of sex acts | +2 |
| 2G2.1(b)(3) | Offense involved distribution | +2 |
| 2G2.1(b)(5) | Defendant was a parent | +2 |
| | | |

## 2.    ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)

| **Guideline Section** | **Description** | **Levels** |
|---|---|---|
| 3A1.1(b) | Vulnerable Victim | +2 |
| | | |

## 3.    ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**44**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*



| Defendant: | Robert Mueller | Counts: | 2 and 7 |
|---|---|---|---|
| Docket No.: | 10-20483 | Statute(s): | 18 U.S.C. § 2251 |

# WORKSHEET B   (Multiple Counts)

## Instructions  (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts.  "All counts involving substantially the same harm shall be grouped together into a single Group."  (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group.  (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):
  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1.   **GROUP ONE:** COUNT(S)   2    
     ADJUSTED OFFENSE LEVEL

   | 44 | | 1 unit |

2.   **GROUP TWO:** COUNT(S)   7    
     ADJUSTED OFFENSE LEVEL

   | 44 | | 1 unit |

3.   **GROUP THREE:** COUNT(S)    
     ADJUSTED OFFENSE LEVEL

   | | | unit |

4.   **GROUP FOUR:** COUNT(S)    
     ADJUSTED OFFENSE LEVEL

   | | | unit |

5.   **INCREASE IN OFFENSE LEVEL**

| 1 unit ➔ no increase | 2 1/2 - 3 units ➔ add 3 levels |
|---|---|
| 1 1/2 units ➔ add 1 level | 3 1/2 - 5 units ➔ add 4 levels |
| 2 units ➔ add 2 levels | > 5 levels ➔ add 5 levels |

   | +2 |

7.   **ADJUSTED OFFENSE LEVEL OF GROUP**
     **WITH THE HIGHEST OFFENSE LEVEL**

   | 44 |

8.   **COMBINED ADJUSTED OFFENSE LEVEL**

   | 46 |

   Enter the sum of the offense levels entered in Items 6 and 7.

| Defendant: | Robert Mueller | Counts: | 2 and 7 |
|---|---|---|---|
| Docket No.: | 10-20483 | Statute(s): | 18 U.S.C. § 2251 |

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.   PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):       **3 POINTS**

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. § 4A1.1(b)):       **2 POINTS**

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):       **1 POINT**

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

| Defendant: | Robert Mueller | Counts: | 2 and 7 |
|---|---|---|---|
| Docket No.: | 10-20483 | Statute(s): | 18 U.S.C. § 2251 |

**(WORKSHEET C, p. 2)**

**2.  COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

☐

**3.  COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence.  However, enter only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).)  List the date of release and identify the sentence from which it resulted.

☐

**4.  PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE  (U.S.S.G. § 4A1.1(f))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE:  No more than 3 points may be added under this item.

☐

**5.  TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.

0

**6.  CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

I

| Defendant: | Robert Mueller | Counts: | 2 and 7 |
|---|---|---|---|
| Docket No.: | 10-20483 | Statute(s): | 18 U.S.C. § 2251 |

# WORKSHEET D   (Guideline Range)

**1.    (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level
entered in Item 8 of Worksheet B.

46

**2.    ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

-3

**3.    TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

43

**4.    CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category
entered in Item 6 of Worksheet C.

I

**5.    CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER
CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

   a.  Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision
(U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender
provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in
Item 3, enter the higher offense level total.

   b.  Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal
provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a
criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal
history category.

**6.    GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a
and the criminal history category entered in Item 4 or 5.b.

LIFE

**7.    STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered
in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the
sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

180 months

| Defendant: | Robert Mueller | Counts: | 2 and 7 |
|---|---|---|---|
| Docket No.: | 10-20483 | Statute(s): | 18 U.S.C. § 2251 |

# WORKSHEET E   (Authorized Guideline Sentences)

**1.   PROBATION (U.S.S.G. ch. 5, pt. B)**

      a.   <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

[X]    1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

[ ]    2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

    3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

      b.   <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

[ ]    1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

    2.   No more than 3 years (total offense level < 6).

      c.   <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

         The court must impose certain conditions of probation and may impose other conditions of probation.

**2.   SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

[X]    a.   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

[ ]    b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

**3.   IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

      A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

| Defendant: | Robert Mueller | Counts: | 2 and 7 |
|---|---|---|---|
| Docket No.: | 10-20483 | Statute(s): | 18 U.S.C. § 2251 |

**(WORKSHEET E, p. 2)**

## 4.   SUPERVISED RELEASE  (U.S.S.G. ch 5., pt. D)

a.   <u>Imposition of a Term of Supervised Release</u>  (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.   <u>Length of Term of Supervised Release</u>  (U.S.S.G. § 5D1.2)

| | | |
|---|---|---|
| ☐ | 1. | At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years. |
| ☐ | 2. | At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years. |
| ☐ | 3. | 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor,  i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years. |
| ☒ | 4. | The statute of conviction requires a minimum term of supervised release of <u>  60  </u> months. |

c.   <u>Conditions of Supervised Release</u>  (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5.   RESTITUTION (U.S.S.G. § 5E1.1)

| | | |
|---|---|---|
| ☒ | 1. | The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)  The court will determine who the victims are and their restitution amounts. |
| ☐ | 2. | The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is $   . |
| ☐ | 3. | The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $   .  (*See* 18 U.S.C. §§ 3663(a)(3), 3664.) |
| ☐ | 4. | The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $   .  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.) |
| ☐ | 5. | Restitution is not applicable. |

| Defendant: | Robert Mueller | Counts: | 2 and 7 |
|---|---|---|---|
| Docket No.: | 10-20483 | Statute(s): | 18 U.S.C. § 2251 |

**(WORKSHEET E, p. 3)**

## 6. FINE (U.S.S.G. § 5E1.2)

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $ 25,000 | $ 250,000 |

## 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

$100.00 for every count charging a felony ($400 for a corporation)
$ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
$ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
$ 5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 1300 .

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

| X | Assets of the defendant will be forfeited. | | Assets of the defendant will not be forfeited. |
|---|---|---|---|

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

## 10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.